**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JAMES H. LEE**                                                                                                 **PLAINTIFF**

**V.**                                          **NO. 4-09-CV-00243 GTE**

**CITY OF ARKANSAS, et al.**                                                                     **DEFENDANTS**

## ORDER GRANTING SUMMARY JUDGMENT

Defendants City of Conway, Arkansas; Robert Berry, individually and in his capacity as a Lieutenant with the Conway Police Department; and Susan Wilson, individually and in her capacity as a Lieutenant with the Conway Police Department (collectively, "Defendants") have filed a motion for summary judgment.[1]  Plaintiff James Lee ("Lee") has responded[2] and Defendants have replied.[3]   For the reasons stated below, the Court concludes that Defendants are entitled to judgment as a matter of law.

Plaintiff James H. Lee, a lieutenant employed with the Conway Police Department ("CPD") brings this lawsuit contending that he was denied payment for six hours of overtime in violation of the Fair Labor Standards Act ("FLSA").  He further contends that Defendants Berry and Wilson initiated an internal affairs investigation against him for exercising his rights under the FLSA to request overtime compensation.  He contends that this activity was protected by the First Amendment to the Constitution and the Arkansas Constitution.  Plaintiff alleges that Berry

---

[1] Docket entries # 17, 18, and 19.

[2] Docket entries # 24, 25, and 26.

[3] Docket entry # 29.

and Wilson found him guilty of violating a rule by requesting overtime.  He contends that this was done maliciously to injure him by placing negative information in his personnel file.

Plaintiff seeks punitive damages, attorney's fees, and court costs.

## I.         FACTS WITHOUT MATERIAL CONTROVERSY

The material facts are not in dispute.

Plaintiff Lee has been employed continuously with the Conway Police Department ("CPD") since 1993.  From September or October of 2003 thru February, 2007, Plaintiff was deployed for military service.  When he returned from his deployment, his firearms instruction certification had lapsed.  Plaintiff requested that his employer send him to the Arkansas Law Enforcement Training Academy ("ALETA") so he could become recertified in firearms instructions.  CPD granted his request.

During the week of May 5-9, 2008, Plaintiff attended a firearms instructor course conducted at ALETA, located in Camden Arkansas.  The course included 40 hours of instruction. Because Plaintiff lives in Greenbriar, he had to travel three hours to Camden on Sunday, May 4th and three hours back to Greenbriar on Friday, May 9th, after the course was complete.  The parties dispute whether this 6 hours of overtime was compensable under the FLSA.

Plaintiff submitted a claim for the six hours of overtime he spent driving to and from Camden, in addition to the forty hours of regular time that he actually spent in training.  CPD declined to pay Plaintiff's claim for six hours of overtime, concluding that it was against policy to pay overtime for travel time.

An internal investigation was initiated to determine whether Plaintiff had falsified his timesheets by "putting down overtime that was not compensated for; in other words, travel to and from."  As part of the investigation, Defendant Berry attempted to determine whether the FLSA

required compensation for travel time. Berry testified that because he "couldn't make heads or tails" about whether payment for overtime was required, he concluded that the CPD "needed a policy that you could see and understand more clearly so everybody would know the right answer." (Berry's deposition excerpt, at p. 20, Exh. 8 to Defs.' motion). In a form entitled, "Internal Affairs/Complaint Investigation Worksheet and Reporting Form" Berry wrote:

> Policy needs to be wrote [sic]
> No one could have known true answer

(Form, Exh. 6 to Defs.' motion).

Berry sent the reporting form to Chief Gary. Chief Gary concurred that a policy failure was to blame and suspended the investigation of Plaintiff.

No formal discipline was imposed on Plaintiff as a result of the investigation. He was not terminated, demoted, or reprimanded. He claims, however, that he has been adversely affected by the accusation of falsifying his timesheets and the notation "substantiated" on the form. He also points out that two officers who committed the same conduct were not investigated.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there
> is a need for trial-- whether, in other words, there are genuine factual issues
> that properly can be resolved only by a finder of fact because they may
> reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986).

The Eighth Circuit set out the burdens of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id*. at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Id*.

### III.   DISCUSSION

#### A.   Plaintiff's Claim for Overtime under the FLSA Fails as a Matter of Law

The FLSA was amended by the Portal-to-Portal Act, 29 U.S.C. §§ 251-262.  One purpose of the Act was to "protect employers from responsibility for commuting time." *Reich v. New York City Transit Auth.*, 45 F.3d 646, 651 (2d Cir. 1995); see 29 U.S.C. 251.

Under the Portal-to-Portal Act, employers generally are not required to pay an employee for:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
> (2) activities which are preliminary to or postliminary to said principal activity or activities.

29 U.S.C. § 254(a).  Under § 254(b), an employer is not relieved from liability under § 254(a) if the activity at issue is compensable by "a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee is employed, covering such activity, not

- 4 -

inconsistent with a written or nonwritten contract, in effect at the time of such activity." 29 U.S.C. § 254(b).

Plaintiff attempts to qualify for the Act's exception by contending that the City of Conway ("City") had a custom of reimbursing officers for travel time. Although at one time the City of Conway's practice was to reimburse its officers for time spent traveling to training, the undisputed evidence establishes that this practice changed at some point in time before the events giving rise to this lawsuit. As Plaintiff admitted, between 2007 and the date of the filing of the summary judgment papers, CPD officers spent approximately 2,900 hours traveling to training, of which only 42.5 hours were compensated.[4]

It is undisputed that these 42.5 hours of travel compensation involved six different one-time payments to six different officers, each of whom was also subsequently denied payment for overtime compensation. The Court holds that the undisputed evidence as a matter of law does not establish that the City had a custom which might require payment for travel to attend training despite the fact that it was not otherwise compensable.

The Court further holds that Plaintiff may not avoid this result by arguing that it is disputed as to "whether this alleged change [in custom] was communicated effectively to make it binding upon the Plaintiff."[5] To fall within the exception the applicable custom or practice must be in effect "at the time of such activity." 29 U.S.C. § 254(b)(2); see 29 C.F.R. § 790.11. "Thus, the compensability of such an activity, and its inclusion in computation of hours worked, is not determinable by a custom or practice which had been terminated before the activity was engaged in or was adopted some time after the activity was performed." *Id*. The custom and policy

---

[4] Defendants' Statement of Material Facts at ¶ 21.

[5] Plaintiff's brief at p. 6.

exception is intended to "permit recognition of changes in customs, practices and agreements which reflect changes in labor-management relations or policies." *Id*.

The Court knows of no legal authority for adding the additional requirement that an employer's decision to change a policy is not effective unless and until an affected employee is aware of the policy change. Plaintiff's subjective lack of knowledge of his employer's actual policy is does not control or impact the issue of whether a custom or practice of paying overtime existed.

As additional theories, Plaintiff contends that the out-of-town travel time should be considered compensable because it was during normal hours and was for the primary benefit of the City of Conway. The Court rejects both contentions.

Plaintiff relies on 29 C.F.R. § 785.39, which provides that "[t]ravel away from home is clearly worktime when it cuts across the employee's workday." The Court finds that Plaintiff's travel did not cut across Plaintiff's workday. Plaintiff's duty assignment required him to be in Camden for training beginning on Monday at 8:00 a.m. and concluding on Friday at 12 p.m. His travel occurred on Sunday and Friday afternoon, before he was required to start the training and after he had completed it. See *Imada v. City of Hercules*, 138 F.3d 1294, 1297 (9th Cir. 1998) (affirming conclusion that officers were not entitled to compensation for travel time when they were sent for overnight training in another city).

Next, Plaintiff argues that he may prevail on his FLSA claim because there is a question of fact "as to whether the City of Conway was the primary benefactor to Plaintiff's travel and training."[6] The Court disagrees. For the reasons well stated by Defendants, the Court agrees that "predominantly for the benefit of employer" test has no application here. The test is

---

[6] Plaintiff's brief in opposition to summary judgment, docket entry # 24, at p. 5.

appropriately used when compensation is sought for otherwise non-compensable time based upon the fact that an employer has imposed employment-related functions on the time. The Eighth Circuit held that this was the appropriate standard to determine the compensability of meal periods during which employees were required to perform certain duties. *Henson v. Pulaski County Sheriff Dept.*, 6 F.3d 531 (8th Cir. 1993). Similarly, in *Singh v. City of New* York, 524 F.3d 361, 367 (2d Cir. 2008), on which both parties rely, the issue was whether the fact that fire alarm inspectors were required to carry and keep certain documents safe converted their otherwise non-compensable commute time into compensable time. The court conducted a "predominant benefit" test after which it concluded that the requirements imposed by the employer were de minimis and did not require compensation. There is no evidence that the City imposed any work related requirements on Plaintiff's commute to Camden and no basis for applying a predominant benefits analysis.

The Court holds that the CPD was not obligated under federal law to reimburse Plaintiff for the six hours in total travel time spent driving to Camden to complete firearms certification training. Plaintiff's claim under the FLSA fails as a matter of law.[7]

### B.     First Amendment Retaliation Claim

Plaintiff argues that he may prevail on his claim that the Defendants' actions in launching an investigation of him violated his rights under the First Amendment and the Arkansas Constitution. *See* Ark. Const. art. II, § 6; Ark. Code Ann. § 16-123-105. Both claims are analyzed under the standards governing First Amendment retaliation. *McCullough v. Univ. of Arkansas for Medical Sciences*, 559 F.3d 855, 865 (8th Cir. 2009).

---

[7] Plaintiff has conceded that there is no factual basis for a retaliation claim under the FLSA.

To establish a prima facie case for of unlawful retaliation for protected speech, Plaintiff must prove: (1) that he engaged in speech protected by the First Amendment; (2) that he suffered an adverse employment action; and (3) that his protected speech was a substantial or motivating factor in the decision to take the adverse employment action. *Davenport v. University Arkansas Bd. of Trustees*, 553 F.3d 1110, 1113 (8th Cir. 2009). The Court holds that Plaintiff's claim fails for two reasons. First, the speech in question, a request for compensation for travel time, was not entitled to any protection under the First Amendment. Second, Defendants' decision to launch an investigation of Plaintiff because he submitted an overtime claim does not qualify as an adverse employment action.

"A public employee's speech enjoys limited protection under the First Amendment." *Day v. Johnson,* 119 F.3d 650, 657 (8th Cir.1997) (*citation omitted*). Whether Plaintiff's speech was entitled to any Fist Amendment protection is a question of law for the court to resolve. *Id.; see Pickering v. Board of Education,* 391 U.S. 563, 568 (1968).

The Supreme Court has held that "when an employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." *Connick v. Myers*, 461 U.S. 138, 147 (1983). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement." *Id*. at 147-48.

The Court holds that Plaintiff was speaking on an issue of personal interest when he requested overtime pay. The Court rejects Plaintiff's contention that his request for overtime in connection with his travel should be considered a matter of public concern because he was, in

effect, requesting the City to comply with federal law requiring payment.  Because no issue of public concern was involved, Plaintiff's "speech" enjoys no First Amendment protection and his claim fails.

Although it is unnecessary to continue the analysis further, the Court additionally finds that Plaintiff has failed to show that he suffered an adverse employment action.  Changes in employment duties or conditions that cause material disadvantage to the employee constitute adverse employment actions, but tangential changes do not. *See, e.g., Ledergerber v. Stangler*, 122 F.3d 1142, 1144 (8th Cir.1997).  Lesser actions than demotion, suspension, and termination can be adverse employment actions if their cumulative effect causes an employee to suffer "serious employment consequences" that adversely affect or undermine his position. *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1060 (8th Cir.1997) (adverse employment action occurred where plaintiff's duties were drastically reduced, his personnel file was "papered" with negative reports, his evaluations were drastically lowered, and he was required to participate in special remedial training); *Fisher v. Pharmacia & Upjohn*, 225 F.3d 915, 919 (8th Cir.2000) (A transfer can be an adverse employment action when it "results in a significant change in working conditions.").

The Court holds as a matter of law that being subjected to a single investigation under the circumstances described in this case does not rise to the level of an adverse employment action. Plaintiff has failed to show that the terms and conditions of his employment were materially impacted.  Although Plaintiff's concern that future employers may view the investigation as a blemish on his record is legitimate, it does not rise to the level of the adverse action required to make a prime facie case.

For both of these reasons, Plaintiff's retaliation claims are dismissed as a matter of law.

**IV.	CONCLUSION**

Because there is no disputed issue of <u>material</u> fact,

IT IS HEREBY ORDERED THAT the Motion for Summary Judgment (Docket entry # 17) filed by Defendants the City of Conway, Arkansas; Robert Berry; and Susan Wilson be, and it is hereby, GRANTED.  Judgment will be entered separately.

IT IS SO ORDERED this   17th   day of June, 2010.

                                          _/s/Garnett Thomas Eisele_____
                                          UNITED STATES DISTRICT COURT